NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 07-1315


NICOLE M. LOCKS

VERSUS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL.


**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 06-C-4412-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.


AFFIRMED.

Sherman Stanford
Attorney at Law
P. O. Box 1237
Opelousas, LA 70571
(337) 948-4113
Counsel for Plaintiff/Appellant:
Nicole M. Locks

**Bridget R. Broussard**
**John E. Ortego & Associates**
**4023 Ambassador Caffrey Pkwy, #100**
**Lafayette, LA 70503**
**(337) 988-7240**
**Counsel for Defendants/Appellees:**
**State Farm Mutual Automobile Insurance Company**
**Cynthia Prather**

**Ezell, Judge.**

Nicole Locks appeals a trial court judgment which found her fifty percent at fault for an accident in a private parking lot. For the following reasons, we affirm the judgment of the trial court.

## FACTS

The accident occurred on April 15, 2006, in the McDonald's parking lot in Opelousas. Ms. Locks began backing out of a parking space. At the same time, Ms. Cynthia Prather was also backing out of a parking space. The vehicles collided with one another.

Ms. Locks filed suit against Ms. Prather and her automobile insurer, State Farm Mutual Automobile Insurance Company. A bench trial was held on September 6, 2007. The trial court assessed each driver with fifty percent of the fault. Ms. Locks claims this was in error and she should not have been assessed with any fault.

## FAULT

In *Duncan v. Kansas City Southern Railway Co.*, 20-66, pp. 10-11 (La. 10/30/00), 773 So.2d 670, 680-81, *cert. dismissed*, 532 U.S. 992, 121 S.Ct. 1651 (2001), the supreme court summarized the standard for reviewing allocation of fault determinations as follows:

> This Court has previously addressed the allocation of fault and the standard of review to be applied by appellate courts reviewing such determinations. Finding the same considerations applicable to the fault allocation process as are applied in quantum assessments, we concluded "the trier of fact is owed some deference in allocating fault" since the finding of percentages of fault is also a factual determination. *Clement v. Frey*, 95-1119 (La.1/16/96); 666 So.2d 607, 609, 610. As with other factual determinations, the trier of fact is vested with much discretion in its allocation of fault. *Id.* Therefore, an appellate court should only disturb the trier of fact's allocation of fault when it is clearly wrong or manifestly erroneous. Only after making a determination that the trier of fact's apportionment of fault is clearly wrong can an appellate court disturb the award, and then only to the extent of lowering it or raising it to the highest or lowest point respectively which is reasonably within

1

the trial court's discretion. *Clement*, 666 So.2d at 611; *Coco v. Winston Industries, Inc.*, 341 So.2d 332, 335 (La.1977).

The trial court found that both drivers were backing out simultaneously. In assessing each driver with fifty percent of the fault, the trial court found that Ms. Locks was backing out in a direction she should not have been since both vehicles had damage to the left rear.

Ms. Locks testified that she looked all around and started backing up. She noticed another vehicle backing, so she stopped and blew her horn; however, the other vehicle hit her. Ms. Prather testified that she looked in her rearview mirror and saw nothing. Her foot was still on the brake pedal as she backed slowly, when she hit another vehicle. Ms. Prather testified that both vehicles were backing up at the same time. Both drivers testified that their driver's side taillight was damaged.

Ms. Locks was positive that she stopped and blew her horn. She reported this fact to the police officer who investigated the accident. However, during her testimony, she could not recall where she had parked or which way she was exiting the parking lot. She did testify that, at the time of the accident, she was looking over her right shoulder, which would have been in the direction of the passenger-side taillight as opposed to in the direction of the driver's-side taillight which is where the impact occurred. If she tried to warn the other driver, it may have been too late, especially if she was exiting in the opposite direction of general exiting traffic.

Based on the evidence, we cannot say that the trial court's decision to apportion fault equally to the two drivers was clearly wrong. Therefore, we affirm the decision of the trial court. Costs of this appeal are assessed to Nicole Locks.

**AFFIRMED**.

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3 Uniform Rules, Court of Appeals.

2